UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM GONZALEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-00196-JMS-DML |
| LANDES FOODS, LLC, | ) ) ) |
| Defendant. | ) |

# ORDER

This matter involves a dispute over a settlement agreement stemming from two cases in Indiana and Texas state courts over unpaid tortillas. The problem, according to Plaintiff Adam Gonzalez, is that the settlement agreement at issue requires that the parties' dispute be resolved in either Hamilton County Superior Court in Indiana or in the 191st Judicial District Court in Texas. The Southern District of Indiana is, of course, neither of those courts. Mr. Gonzalez therefore asks the Court to remand his lawsuit to Hamilton County Superior Court, where it was originally filed, in accordance with the terms of the settlement agreement. Defendant Landes Foods, LLC's ("Landes") response is that remand is inappropriate pursuant to the doctrine of unclean hands. But because that doctrine does not apply to this matter, the Court **GRANTS** Mr. Gonzalez's Motion to Remand to State Court. [Filing No. 15.]

## I.
### BACKGROUND

The relationship and litigation history between these parties is complex, but only a sliver of that history is relevant to Mr. Gonzalez's Motion to Remand. In June 2017, the parties to this lawsuit signed a settlement agreement (the "Settlement Agreement") to resolve two different lawsuits, one in the 191st Judicial District Court in Texas (which also included Gonzales

International, Inc., which is not a party to this case), and another in Hamilton County Superior Court. [Filing No. 15-1 at 1.]

As part of the Settlement Agreement, the parties drafted and executed two agreed judgments, which were to be filed only under certain circumstances:

> 4. Contemporaneously with the execution of this Settlement Agreement Gonzalez will execute two Agreed Judgments, each in the amount of $246,782.88. The judgment in the Indiana Lawsuit will be against Adam Gonzalez personally ONLY and the judgment in the Texas Lawsuit will be entered into against GONZALEZ INTERNATIONAL, INC. d/b/a TIA MARIA CLASSICAS ONLY. The parties further agree that the judgment in the Indiana Lawsuit against Adam Gonzalez personally will not be filed if the full settlement amount of $150,000.00 is paid no later than December 15, 2018 and that the judgment in the Texas Lawsuit against GONZALEZ INTERNATIONAL, INC. d/b/a TIA MARIA CLASSICAS will not be filed if the full settlement amount of $150,000.00 is paid no later than in the following one hundred twenty (120) days after this agreement is executed by the Parties.

[Filing No. 15-1 at 3.] The Settlement Agreement also placed restrictions on the execution of the judgments, should one or both be filed:

> 5. Landes hereby promises to take no action or execute on said judgments in any way while payments are made timely. Gonzalez shall be in default of this agreement if it fails to deliver any Payment on or before its due date. Upon default, Gonzalez, his Texas counsel and his Indiana counsel shall be entitled to notice of such default in writing by facsimile and e-mail. Upon notice of such default, Gonzalez shall have a period of three (3) days to cure such default. Any additional defaults under this payment schedule will render the Settlement Agreement in breach and the Parties will be entitled to pursue any and all legal remedies available to them, including collecting the $246,782.88 Judgment amount minus any credits and offsets. The parties agree that the total amount collectible between both agreed judgments in Texas and Indiana shall be no more than the principal amount of $246,782.88, plus attorneys' fees, costs

> and other allowable, recoverable sums for any subsequent litigation by the Parties. The Parties stipulate that the intent of this agreement is not to grant two judgments to Landes for $246,782.88, for a total amount of $493,565.76.

[Filing No. 15-1 at 3-4.]

The Settlement Agreement contains the following choice of law and forum selection clause:

> 10. Choice of Law. The Parties hereto further agree that this Agreement shall be governed, construed and enforced in accordance with the laws of the State of Texas or the Laws of the State of Indiana, whichever is applicable for the specific breach. Venue for any dispute arising out of, or related to, this Agreement shall exclusively lie in the Court of prior jurisdiction over this matter.

[Filing No. 15-1 at 5.]

Mr. Gonzalez does not contest that the conditions were met for Landes to file the executed agreed judgment in Texas state court after the settlement amount was not paid in full after 120 days. [Filing No. 16 at 1; *see* Filing No. 13-1 at 71-73.] However, both parties agree that Landes also filed the agreed judgment in Indiana state court even though the Settlement Agreement provided that Landes was not to file that judgment unless Mr. Gonzalez failed to pay the full settlement amount by December 15, 2018. [Filing No. 16 at 2; Filing No. 17 at 1-2.]

Following the filing of the judgment in Indiana state court, Mr. Gonzalez filed suit against Landes in the same court, alleging that Landes breached the Settlement Agreement by (among other things) filing the Indiana agreed judgment. [Filing No. 13-1 at 4-6.] On January 23, 2018, the Indiana court, without objection, consolidated the original action in which the judgment was filed with Mr. Gonzalez's new breach of contract action. [Filing No. 13-3 at 2.]

3

On January 24, 2018, Landes removed the consolidated action to this Court. [Filing No. 1.] As ordered by the Court, [Filing No. 11], Landes filed an amended notice of removal on February 5, 2018, [Filing No. 13]. Mr. Gonzalez timely moved to remand the matter to Hamilton Circuit Court. [Filing No. 15.] Mr. Gonzalez's Motion to Remand is fully briefed and ripe for decision.

## II.
### DISCUSSION

Mr. Gonzalez's primary argument in support of his Motion is that remand is required pursuant to the forum selection clause in the Settlement Agreement.[1] [Filing No. 15 at 2-3.] In response, Landes argues that Mr. Gonzalez breached the Settlement Agreement by attempting to enjoin enforcement of the Texas judgment by filing an action in Indiana state court. [Filing No. 16 at 3-5.] Landes argues that, due to this breach, the doctrine of unclean hands precludes Mr. Gonzalez's reliance on the forum selection clause. [Filing No. 16 at 3-5.] In reply, Mr. Gonzalez argues that Landes first breached the Settlement Agreement by improperly filing the Indiana agreed judgment. [Filing No. 17.] Mr. Gonzalez emphasizes that courts generally enforce forum selection clauses. [Filing No. 17.]

Though neither party addresses the issue, the appropriate basis for enforcing a forum selection clause "pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 892 (7th Cir. 2018) ("A forum-selection clause channeling litigation to a nonfederal forum is enforced through the doctrine of forum non conveniens."). While application of the doctrine frequently requires dismissal because federal

---

[1] Mr. Gonzalez's alternative argument, that Landes cannot remove because it is a counterclaim defendant as a result of the consolidation, is supported by neither logic nor the cases cited.

4

courts may not transfer cases to state courts, remand is an appropriate remedy where, as here, the case has been removed from an agreed forum. *Cf. Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand."). Unlike most federal courts of appeals, the Seventh Circuit requires courts to assess the validity of a forum selection clause under state law and then determine whether it should be enforced pursuant to the federal common law doctrine of *forum non conveniens*. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609 (7th Cir. 2006) (recognizing circuit split); *Harding Materials, Inc. v. Reliable Asphalt Prods., Inc.*, 2017 WL 495787, at *2-3 (S.D. Ind. 2017) (discussing circuit split and explaining difference between a motion to transfer pursuant to federal statute and a motion pursuant to *forum non conveniens*).

Landes has provided no basis for questioning the validity of the forum selection clause under Indiana law. Instead, Landes argues that the clause should not be enforced pursuant to the doctrine of unclean hands. Landes's argument fails for several reasons.

First, Landes relies upon Indiana cases addressing the general proposition that unclean hands may foreclose equitable remedies. But Indiana law does not apply in assessing whether a valid forum selection clause should be enforced under *forum non conveniens*—federal law does. *See, e.g.*, *Mueller*, 880 F.3d at 894 (concluding that federal common law as expressed in *Atlantic Marine* "squarely controls" where party seeks to enforce valid forum selection clause); *Atl. Marine*, 571 U.S. at 581 ("The calculus [under *forum non conveniens* or the federal venue transfer statute] changes . . . when the parties' contract contains a valid forum-selection clause . . . ."). Under *Atlantic Marine*, "a valid forum selection clause should be given controlling weight in all but the most exceptional cases." 571 U.S. at 581 (brackets and quotation omitted). The ordinary *forum non conveniens* test requires consideration of various "private" and "public" interests; to the

5

extent an unclean hands argument would properly fit into the analysis at all, it would fall solely under the "private interest" umbrella. But *Atlantic Marine* requires courts to ignore "arguments about the parties' private interests" where they have agreed to a forum selection clause because by their agreement the parties "waive the right to challenge the preselected forum." *Id.* at 582. And Landes "ha[s] not identified a single public interest to justify overriding the contractual choice of forum," *Mueller*, 880 F.3d at 894-95, but even if it had, the public interest factors (court congestion, local interest, and court's knowledge of the law) would not remotely impact the presumption of enforcement, *see Atl. Marine*, 571 U.S. at 581 n.6. Remand to enforce the forum selection clause is therefore required pursuant to *Atlantic Marine* and *Mueller*.

Second, even if Indiana law were to apply to the issue of enforcement (and not merely validity) of the forum selection clause, the Court cannot discern any inequity in enforcing the parties' commitment to litigate this matter in state court. Generally, Indiana enforces forum selection clauses "if they are reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court." *Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271, 276-77 (Ind. Ct. App. 2013). Landes has not identified any case from Indiana or anywhere else declining to enforce a forum selection clause because of a movant's unclean hands. Moreover, the "doctrine of unclean hands is not favored and must be applied with reluctance and scrutiny." *Villegas v. Silverman*, 832 N.E.2d 598, 607 (Ind. Ct. App. 2005). It may apply to bar equitable relief where a party engages in intentional misconduct and the misconduct has "an immediate and necessary relation to the matter before the court." *Id.* The entire premise of Landes's unclean hands argument is that Mr. Gonzalez was allegedly the first to breach the Settlement Agreement. But the forum selection clause expressly applies to "any dispute arising out of, or related to," the

Settlement Agreement.  *Cf. Acuity Mut. Ins. Co. v. T & R Pavement Markings, Inc.*, 2011 WL 2472246, at *5 (S.D. Ind. 2011) (noting breadth of terms such as "arising from" under Indiana law).  Landes has failed to explain how requiring it to adhere to its bargain and resolve the dispute about an alleged breach of the Settlement Agreement—which unquestionably arises out of and relates to the contract—results in any inequity.  Even if Indiana would consider an unclean hands argument in these circumstances, which the Court finds unlikely given the specific elements Indiana has articulated regarding forum selection clauses, the doctrine would have no application in this case.

Finally, Landes's argument of prior breach, which it uses to support its faulty unclean hands argument, falters under the relevant contractual language.  First, as Landes admits, it improperly filed the agreed judgment in Indiana *before* Mr. Gonzalez filed his breach of contract action.  Pursuant to the plain language of the Settlement Agreement, it was Landes who first breached the contract.  Second, Landes has not established that Mr. Gonzalez breached the forum selection clause by filing its breach of contract action in Indiana.  The relevant language requires only that the Settlement Agreement "be governed, construed and enforced in accordance with the laws of the State of Texas or the Laws [sic] of the State of Indiana, whichever is applicable for the specific breach."  [Filing No. 15-1 at 5.]  Unlike this choice of law provision, which provides for alternatives based upon "the specific breach," the forum selection provision is broader: "Venue for any dispute arising out of, or related to, this Agreement shall exclusively lie in the Court of prior jurisdiction over this matter."  [Filing No. 15-1 at 6.]  Mr. Gonzalez's breach of contract action is a dispute arising out of and relating to the Settlement Agreement.  He was therefore entitled to sue "in the Court of prior jurisdiction over this matter."  Though "the Court of prior jurisdiction" is singular, Landes does not contest that Hamilton County Superior Court is a court of prior

jurisdiction over the parties' dispute. Accordingly, Mr. Gonzalez did not breach the Settlement Agreement by filing his breach of contract action in Hamilton County Superior Court, which further confirms that the doctrine of unclean hands has no application to Mr. Gonzalez's Motion to Remand.

## III.
### CONCLUSION

Facing a valid forum selection clause pointing to a state court forum, Landes's sole argument in opposition to remand is that Mr. Gonzalez may not rely upon the clause under the doctrine of unclean hands. But that doctrine has no application in this case under either federal or Indiana law, both of which generally enforce valid forum selection clauses. The Court therefore **GRANTS** Mr. Gonzalez's Motion to Remand, [15], and **DENIES AS MOOT** Mr. Gonzalez's earlier-filed Motion to Remand based upon Landes's initial notice of removal, [7]. The Court **REMANDS** this matter to Hamilton County Superior Court.

Mr. Gonzalez requests fees and costs incurred as a result of Landes's removal pursuant to 28 U.S.C. § 1447(c). Any petition for fees and costs shall be filed pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) and shall be briefed according to the procedure in Local Rule 7-1(c)(2).

Date: 3/14/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**