UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00196-JMS-DML |
| | ) |
| LANDES FOODS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On March 14, 2018, the Court remanded this matter to Hamilton County Superior Court pursuant to a settlement agreement signed between the parties to resolve two previous matters. [Filing No. 19.] Although the merits of this matter are now before that court, this Court retains the jurisdiction and authority to award attorney's fees pursuant to the fee-shifting provision in 28 U.S.C. § 1447(c). *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). Plaintiff Adam Gonzalez has now moved for attorney's fees pursuant to that provision and the terms of the parties' settlement agreement. [Filing No. 21.] Defendant Landes Foods, LLC ("Landes") opposes Mr. Gonzalez's Motion, maintaining that it had an objectively reasonable basis to remove this matter to federal court. But Landes's removal violated the plain terms of the parties' settlement agreement, and the Court previously rejected its unclean hands argument—the only argument raised in opposition to remand—on no fewer than three equally determinative bases. The Court concludes, therefore, that Landes lacked a reasonable basis for removal. The Court agrees with Landes, however, that Mr. Gonzalez must support his fee request with additional documentation. For the reasons described below, the Court **GRANTS IN PART** Mr. Gonzalez's Motion for Attorney's Fees.

# I.
## DISCUSSION

Mr. Gonzalez has moved for an award of attorney's fees pursuant to § 1447(c) in the amount of $5,731.50, supported by the affidavit of counsel.[1] [Filing No. 21 at 2.]

In response, Landes argues that Mr. Gonzalez is not entitled to fees because its removal was objectively reasonable. [Filing No. 24.] In support, Landes argues that Mr. Gonzalez could have waived his right to enforce the forum selection clause, that its removal met the statutory requirements, and that its unclean hands argument was not foreclosed by legal precedent. [Filing No. 24 at 4-7.] In the alternative, Landes argues that Mr. Gonzalez has failed to provide evidence to support the amount of his requested fee award. [Filing No. 24 at 8.]

In reply, Mr. Gonzalez argues that Landes's removal was not objectively reasonable because Landes had no basis for believing that he had waived reliance on the forum selection clause and because the Court unequivocally held that the doctrine of unclean hands was inapplicable under federal and state law. [Filing No. 25.]

Section 1447(c) provides that "[a]n order remanding [a removed] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that district courts, in their discretion, "may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Seventh Circuit has set forth the following test for objective reasonableness:

---

[1] Mr. Gonzalez also argues that he is entitled to attorney's fees pursuant to the terms of the Settlement Agreement. To the extent Mr. Gonzalez maintains that the Settlement Agreement entitles him to fees beyond those he ultimately receives under 28 U.S.C. § 1447(c), the Court concludes that the propriety of those fees should be addressed by the state court as part of its determination on the merits of Mr. Gonzalez's lawsuit.

2

> As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).[2] This standard "balances competing interests" by "encourag[ing] litigants to make liberal use of federal courts" while discouraging litigants from "abus[ing] the right to remove." *Id.*

The Court concludes that Landes's removal was not objectively reasonable. First, Landes argues that Mr. Gonzalez could have waived his right to enforce the forum selection clause and that its removal was reasonable because it complied with the statutory requirements. But the prudent time to ask Mr. Gonzalez whether he wished to waive the forum selection clause would have been prior to removal. And several courts have held that removal in the face of a forum selection clause warrants an award of attorney's fees barring a potentially meritorious dispute over the validity or enforceability of the clause. *See, e.g.*, *Hocker v. R.Z. & Assocs., LLP*, 2017 WL 374464, at *4 (C.D. Ill. 2017) (concluding that "removal by [two particular defendants] alone would have entitled Plaintiff to fees" but declining to award fees because of issue regarding whether nonsignatory was bound to forum selection clause); *Gen. Elec. Capital Corp. v. Cutler*, 2015 WL 7444627 (S.D.N.Y. 2015) (awarding fees where defendant removed despite "clearly mandatory" forum selection clause); *Fleming Bldg. Co. v. Columbia Cas. Co.*, 751 F. Supp. 2d 1218 (N.D. Okla. 2010) (same). Accepting Landes's argument would mean that an award of fees

---

[2] Mr. Gonzalez incorrectly asserts that there is a presumption in favor of fee shifting under § 1447(c), relying upon a district court opinion which in turn relies upon Seventh Circuit precedent predating *Martin*. [Filing No. 25 at 3 (citing *Bosse v. Pitts*, 455 F. Supp. 2d 868, 875 (W.D. Wis. 2006) (citing *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000)).] As the Seventh Circuit noted in *Lott*, which was decided subsequent to *Martin*, the Supreme Court rejected the Seventh Circuit's presumption in favor of fee shifting. 492 F.3d at 792.

would be improper any time a case is remanded based upon a forum selection clause. This is because it is always "possible" that a plaintiff may "choose[] to waive [a] forum selection clause." [Filing No. 24 at 4.] This position is irreconcilable with the purpose of § 1447(c), which is to reduce "delays [in] resolution of the case, [the imposition of] additional costs on both parties, and waste[ of] judicial resources." *Martin*, 546 U.S. at 140. These costs are no less significant when remand is required due to some jurisdictional or statutory defect than when remand is required pursuant to a valid and enforceable forum selection clause. Landes's position is likewise inconsistent with the Supreme Court's insistence that courts respect the "parties' settled expectations" with regard to forum selection clauses. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist of Tex.*, 134 S. Ct. 568, 583 (2013). The Court finds it pertinent and compelling that, in the context of enforcing forum selection clauses, the Supreme Court believes that "'the interest of justice' is served by holding parties to their bargain." *Id.* Section 1447(c) likewise requires courts to determine whether it is "just" to require the removing party to pay fees following remand. Here, given the interests of judicial efficiency in avoiding unnecessary removals and the parties' settled expectations in agreeing to a particular forum, the Court finds that it is "just" to require the party opposing a forum selection clause to pay fees under § 1447(c), barring a reasonable dispute as to the terms, enforceability, or validity of the clause.

What remains, then, is whether Landes raised a challenge to the enforceability of the forum selection clause that was not clearly foreclosed by precedent. Landes submits that it did raise such a challenge, emphasizing in particular the fact that Indiana precedent had not expressly rejected the application of unclean hands as a defense to the enforcement of a forum selection clause. [Filing No. 24 at 6.] Landes maintains that this absence of authorities shows that its argument was not clearly foreclosed. Landes's argument, however, overlooks the fact that the Court's holding

rested on two additional grounds that clearly foreclose application of the unclean hands doctrine. First, while Landes admits that it failed to address *Atlantic Marine*, it argues that this is "an exceptional case" that arguably did not warrant remand. [Filing No. 24 at 7.] But the Supreme Court was concerned only with the possibility of exceptional public interest concerns that could make remand inappropriate. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 893 (7th Cir. 2018) ("*Atlantic Marine* holds that only an exceptional *public-interest* justification can displace a contractual choice of forum." (emphasis added)). As the Court earlier observed, *Atlantic Marine* "requires courts to ignore 'arguments about the parties' private interests.'" [Filing No. 19 at 6 (quoting *Atl. Marine*, 134 S. Ct. at 582).] Landes does not address or challenge the Court's conclusion that an unclean hands argument "fall[s] solely under the 'private interest' umbrella." [Filing No. 19 at 6.] *Atlantic Marine* clearly foreclosed reliance upon such a purely private interest where, as here, the parties validly contracted to litigate in the state court forum.

Second, Landes fails to address the Court's additional holding that "Mr. Gonzalez did not breach the Settlement Agreement"—and specifically the forum selection clause—"by filing his breach of contract action in Hamilton County Superior Court . . . ." [Filing No. 19 at 7.] The Court analyzed the relevant contractual language and explained as follows:

> Unlike th[e] choice of law provision, which provides for alternatives based upon "the specific breach," the forum selection provision is broader: "Venue for any dispute arising out of, or related to, this Agreement shall exclusively lie in the Court of prior jurisdiction over this matter." [Filing No. 15-1 at 6.] Mr. Gonzalez's breach of contract action is a dispute arising out of and relating to the Settlement Agreement. He was therefore entitled to sue "in the Court of prior jurisdiction over this matter." Though "the Court of prior jurisdiction" is singular, Landes does not contest that Hamilton County Superior Court is a court of prior jurisdiction over the parties' dispute.

[Filing No. 19 at 7-8.] As Mr. Gonzalez never breached the forum selection clause, Landes's unclean hands argument premised upon such a breach necessarily failed. Just as Landes failed to

5

engage with the contractual text in opposing Mr. Gonzalez's Motion to Remand, Landes again fails to engage with the text or the Court's analysis thereof, instead simply asserting that its interpretation could have prevailed. The Court finds Landes's asserted interpretation objectively unreasonable, in part because of the lack of analysis both now and in opposition to the Motion to Remand. Attorney's fees under § 1447(c) are appropriate for this additional reason.

Finally, Landes's concern regarding "quash[ing] the presentation of creative legal arguments or novel legal theories asserted in good faith" is misplaced. [Filing No. 24 at 6 (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)).] To start with, Landes relies upon cases far afield from this context, including *Benabe*, which involved removing disruptive criminal defendants from the courtroom; *Weinstein v. University of Illinois*, 630 F. Supp. 635 (N.D. Ill. 1986), a district court opinion addressing Rule 11 sanctions; and *Tipton v. Roerig*, 581 N.E.2d 1279 (Ind. Ct. App. 1991), a state court opinion denying a request for attorney's fees on appeal. Landes insistence that its arguments were advanced in good faith and are not sanctionable misses the point—the Court's "review is for objective, as opposed to subjective, reasonableness." *Lott*, 492 F3.d at 794. Landes has cited no authority to suggest that fee shifting under § 1447(c) is designed to be punitive or is permitted only when the removing party engages in sanctionable conduct. In fact, the Supreme Court rejected a proposed reading of § 1447(c) that would have allowed for fees only "on a showing that the unsuccessful party's position was frivolous, unreasonable, or without foundation." *Martin*, 546 U.S. at 138 (internal quotation omitted).

To be sure, the Supreme Court also concluded that § 1447(c) did not mean to discourage parties from removing "in all but obvious cases" by making fee shifting automatic. *Id.* at 140. However, in this case, fee shifting is appropriate not merely because Mr. Gonzalez prevailed on his motion to remand, but because Landes's reliance upon private interest concerns was clearly

foreclosed by *Atlantic Marine* and because Landes failed to provide any analysis to support its argument that Mr. Gonzalez first breached the forum selection clause. The Court is not persuaded that awarding fees based upon these specific and uncontested deficiencies will squelch the legal creativity of future parties seeking to remove a case. It should, however, make parties to forum selection clauses carefully assess whether they have a reasonable basis to challenge the enforceability or validity of the clause before wasting judicial resources by removing a case to federal court.[3]

## II.
### CONCLUSION

Despite having signed an admittedly valid forum selection clause requiring this lawsuit to be litigated in Indiana state court, Landes removed it to federal court. The Court concludes that Landes lacked an objectively reasonable basis for doing so. The Court, in its discretion, therefore **GRANTS IN PART** Mr. Gonzalez's Motion for Attorney's Fees, [21], to the extent that the Court concludes that Mr. Gonzalez is entitled to an award of reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

However, the Court agrees with Landes that Mr. Gonzalez must provide additional documentation to support his claim to attorney's fees. The additional documentation should reflect the time spent on each of the categories listed in paragraph four of counsel's affidavit, [Filing No. 21-1 at 1]:

- review of both of defendant's Notices of Removal,
- preparation of both of plaintiff's Motions to Remand,

---

[3] Landes's remaining argument that Mr. Gonzalez withdrew one argument and raised one unsuccessful argument, [Filing No. 24 at 4-5], is better addressed to the amount of the fee award than to whether Landes had an objectively reasonable basis for removal, particularly where, as here, Mr. Gonzalez spent most of his briefing on his successful argument.

7

- review of defendant's Motion to Seal,

- preparation of a response to the Motion to Seal,

- review of the Court's Order on the Motion to Seal, and

- redaction of documents and providing a proposal to the defendant's attorney.

Mr. Gonzalez's detailed fee petition shall be filed on or before **April 18, 2018**. The fee petition shall specifically set forth the basis for Mr. Gonzalez's claim that briefing on the motion to seal is recoverable. The briefing schedule on the fee petition shall proceed pursuant to Local Rule 7-1(c)(2).

Date: 4/4/2018

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**